# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHUCK JARRELL** | **CIVIL ACTION** |
| **versus** | **NO. 11-2913** |
| **JAMES LEBLANC, LOUISIANA SECRETARY OF CORRECTIONS** | **SECTION: "K" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Chuck Jarrell, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On October 26, 2005, he was convicted of indecent behavior with a juvenile under Louisiana law.[1] On February 8, 2006, he was sentenced to a term of seven years

---

[1] State Rec., Vol. IV of VI, transcript of October 26, 2005, p. 145; State Rec., Vol. I of VI, minute entry dated October 26, 2005; State Rec., Vol. II of VI, jury verdict form.

imprisonment;[2] however, he was subsequently adjudicated a multiple offender[3] and resentenced as such to a term of ten years imprisonment with the first two years of that sentence to be served without benefit of probation, parole, or suspension of sentence.[4] On September 19, 2007, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and habitual offender adjudication, amended his sentence to delete the prohibition of parole eligibility, and affirmed the sentence as amended.[5] The Louisiana Supreme Court then denied petitioner's related writ application on March 7, 2008.[6]

On or about May 9, 2008, petitioner filed with the state district court a document entitled "Motion to Nunc Pro Tunc."[7] That motion was denied on June 19, 2008.[8]

On November 19, 2008, petitioner filed an application for post-conviction relief with the state district court.[9] That application was denied on April 5, 2009.[10] Petitioner's related writ

---

[2] State Rec., Vol. IV of VI, transcript of February 8, 2006; State Rec., Vol. I of VI, minute entry dated February 8, 2006.

[3] State Rec., Vol. IV of VI, transcript of June 14, 2006.

[4] State Rec., Vol. IV of VI, transcript of December 18, 2006; State Rec., Vol. I of VI, minute entry dated December 18, 2006.

[5] State v. Jarrell, No. 2007 KA 0412, 2007 WL 2726718 (La. App. 1st Cir. Sept. 19, 2007); State Rec., Vol. V of VI.

[6] State v. Jarrell, 977 So.2d 897 (La. 2008) (No. 2007-K-2065); State Rec., Vol. V of VI.

[7] State Rec., Vol. V of VI.

[8] State Rec., Vol. V of VI, minute entry dated June 19, 2008.

[9] State Rec., Vol. V of VI. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed"

applications were then likewise denied by the Louisiana First Circuit Court of Appeal on October 12, 2009,[11] and by the Louisiana Supreme Court on November 19, 2010.[12]

On November 15, 2011, petitioner filed the instant federal application for *habeas corpus* relief.[13] The state filed a response arguing that the federal application was untimely.[14] The Court thereafter gave petitioner an opportunity to submit a reply to that response.[15] See Rules Governing Section 2254 Cases in the United States District Courts, Rule 5(e). Petitioner filed such a reply; however, in that reply, he did not address the issue of timeliness or in any way rebut the state's argument on that issue.[16]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Here, that date cannot be gleaned with certainty from the record; however, because the application was dated November 19, 2008, it obviously was placed in the mail no earlier than that date.

[10] State Rec., Vol. V of VI, Order dated April 5, 2009.

[11] State v. Jarrell, No. 2009 KW 1427 (La. App. 1st Cir. Oct. 12, 2009); State Rec., Vol. V of VI.

[12] State *ex rel.* Jarrell v. State, 49 So.3d 404 (La. 2010) (No. 2009-KH-2511); State Rec., Vol. V of VI.

[13] Rec. Doc. 3.

[14] Rec. Docs. 14 and 15.

[15] Rec. Docs. 16 and 18.

[16] Rec. Doc. 19.

underlying criminal judgment becomes "final."[17] With respect to determining the date of finality, the United States Fifth Circuit Court of Appeals has explained:

> When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on March 7, 2008. Therefore, his state criminal judgment became "final" for the purposes of the AEDPA ninety days later on June 5, 2008. Accordingly, his period for seeking federal *habeas corpus* relief would normally have commenced on that date.

However, the AEDPA expressly provides for statutory tolling of the federal limitations period, stating: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner is arguably entitled to such tolling for the "Motion to Nunc Pro Tunc" filed on or about May 9, 2008. The state in its response considered that motion to be a request for collateral review for tolling purposes.[18] In light of the state's position, and because it ultimately makes no difference

---

[17] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[18] Rec. Doc. 15, p. 3.

in this case, this Court, out of an abundance of caution, will toll the limitations period based on that filing. Therefore, the Court finds that the limitations period was tolled until July 21, 2008, when petitioner's time expired for filing a writ application with the Louisiana First Circuit Court of Appeal to challenge the denial of that motion.[19] See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004); Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001). Accordingly, at the very latest, petitioner's federal limitations period finally commenced on that date.

Thereafter, one hundred twenty (120) days of the federal limitations period elapsed before petitioner again tolled the period by filing his state post-conviction application on November 19, 2008. Moreover, tolling then continued uninterrupted for the duration of those post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette, 372 F.3d at 769-71. The state concedes that the limitations period remained tolled until the Louisiana Supreme Court denied relief on November 19, 2010.[20]

When the limitations period resumed running at that point, petitioner had two hundred forty-five (245) days of the limitations period remaining. Therefore, he had only until July 22, 2011, to either again toll the limitations period or file his federal application.

---

[19] Under Louisiana law, a litigant has thirty days to seek review by a court of appeal. Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001). Because the thirtieth day for seeking review fell on a Saturday, the period was extended through the following Monday, July 21, 2008.

[20] Rec. Doc. 15, p. 3. A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

Petitioner had no other applications for state post-conviction relief or other collateral review pending at any time on or before July 22, 2011. Therefore, he clearly is not entitled to further statutory tolling.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before July 22, 2011. Because his federal application was not filed until November 15, 2011,[21] it is untimely.

---

[21] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his federal application in the prison mailing system on November 15, 2011. Rec. Doc. 3, p. 15.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Chuck Jarrell be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[22]

New Orleans, Louisiana, this eighteenth day of June, 2012.

　　　　　　　　　　　　　　　　　　　
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.