# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHUCK JARRELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2913** |
| **JAMES LEBLANC, LOUISIANA**<br>**SECRETARY OF CORRECTIONS** | **SECTION "K"(1)** |

## ORDER AND OPINION

Petitioner, Chuck Jarrell ("Jarrell"), a state prisoner, was convicted of indecent behavior with a juvenile under Louisiana law.[1] The district judge sentenced Jarrell to seven years imprisonment[2], then adjudicated him to be a multiple offender[3], and resentenced him to a term of ten years imprisonment with the first two years of the sentence to be served without benefit of probation, parole or suspension of sentence.[4] The Louisiana First Circuit Court of Appeal affirmed Jarrell's conviction, amended his sentence to delete the prohibition of parole eligibility, and affirmed the sentence as amended.[5] On March 7, 2008 the Louisiana Supreme Court denied petitioner's writ application.[6]

---

[1] State Rec., Vol. IV of VI, transcript of October 26, 2005, p. 145; State Rec., Vol I of VI, minute entry dated October 26, 2005; State Rec., Vol. II of VI, jury verdict form.

[2] State Rec., Vol. IV of VI, transcript of February 8, 2006; State Rec., Vol. I of VI, minute entry dated February 8, 2006.

[3] State Rec., Vol. IV of VI, transcript of June 14, 2006.

[4] State Rec., Vol. IV of Vi, transcript of December 18, 2006; State Rec., Vol. I of VI, minute entry dated December 18, 2006.

[5] State v. Jarrell, No. 2007KA 0412, 2007 WL 2726718 (La. App. 1st Cir. Sept. 19, 2007); State Rec., Vol. V of VI.

[6] State v. Jarrell, 977 So.2d 897 (La. 2008) (No. 2007-K-2065); State Rec., Vol. V of VI..

On November 15, 2011, Jarrell filed a federal application for *habeas corpus* relief for ineffective assistance of counsel under 28 U.S.C. §2254.[7] Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to a Magistrate Judge for a Report and Recommendation.[8] The Magistrate Judge recommended that the petition for federal *habeas corpus* relief be dismissed with prejudice as untimely.[9]

Jarrell subsequently timely filed an objection to the Magistrate Judge's recommendation.[10] The only legal basis for Jarrell's objection is his assertion that he "was forced to take mental health medication" and that "due [to] him being force[d] to take these medications [that] is the reason for any late or untimely filed writs."[11] The Court construes Jarrell's objection as urging that the limitation period should have been equitably tolled based on his being forced to take "mental health medication."

A state prisoner must file a § 2254 habeas corpus application within one year of the date that his judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). Jarrell does not dispute that he did not file his petition for federal *habeas* relief within one year of his conviction becoming final. When strict application of the statute of limitations would be inequitable, the doctrine of equitable tolling is available to preserve a plaintiff's claim. *U.S. v. Patterson*, 211 F.3d 927, 930-31 (5th

---

[7]Rec. Doc. 3.

[8]Rec. Doc. 20.

[9]*Id.* at p. 7.

[10]Rec. Doc. 21.

[11]*Id.* at p. 2.

2

Cir. 2000); *Davis v. Johnson*, 158 F. 3d 806, 811 (5th Cir. 1998). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999).

The petitioner bears the responsibility of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir.2000). A claim of mental incompetence by itself does not automatically entitle a petitioner to equitable tolling. *Smith v. Johnson*, 247 F.3d 240, 243 (5th Cir. 2001). A petitioner must "sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights." *Id*. Further, brief periods of incapacity during the one-year statute of limitations, whether due to mental illness, medication, or confinement, do not necessarily warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999). Even when the petitioner establishes a brief period of incapacity, he must still demonstrate that he diligently pursued his application during the remainder of the limitation period and still could not file within the one year period. *Id.*

Moreover, the fact that a petitioner may have been under the influence of psychotropic medication during the relevant appeals period does not necessarily give rise to equitable tolling. *See Hulsey v. Thaler*, 421 Fed. Appx. 386, 390 (5th Cir. 2011); *See also Noble v. Cooper*; WL 113587 (E.D. Louisiana, 2012). In *Hulsey*, the Court of Appeals upheld the district court's denial of equitable tolling to a petitioner who regularly received prescribed doses of psychotropic medications during his appeals period, but who reported his symptoms as under control, participated in group therapy while medicated, and consistently denied disabling side effects of any medications. *Id*. Based on these facts the appeals court concluded that petitioner had been

3

stable during that period and capable of filing his petition for *habeas* relief. *Id*.

To date, Petitioner has made only conclusory allegations concerning his incapacity and inability to timely file his *habeas* petition due to the medication he was taking. The Court notes that Petitioner filed a state post-conviction application during the federal limitations period.[12] That filing can be reasonably construed as evidence of a petitioner's cogency and capability of taking part in his legal defense. Therefore, the Court will overrule Petitioner's objection to the Magistrate Judge's Report and Recommendation and dismiss Petitioner's claim as time barred.

New Orleans, Louisiana, this 26th day of July, 2012.

                                        STANWOOD R. DUVAL, JR.
                             UNITED STATES DISTRICT COURT JUDGE

---

[12] State Rec., Vol. V of VI, Order dated April 5, 2009.